■ In the Matter of SUSAN McCAFFREY, Respondent, v PAUL McCAFFREY, Appellant.—In a support proceeding pursuant to Family Court Act article 4, Paul McCaffrey appeals pursuant to Family Court Act § 439 (e) and § 1112 from (1) an order of the Family Court, Nassau County (Mellan, H.E.), dated December 18, 1986, which denied his petition for downward modification of an existing order of support, (2) an order of the same court, also dated December 18, 1986, which, *inter alia,* established support arrears, and directed appellant to pay arrears at $25 per week, (3) an order of the same court, also dated December 18, 1986, which directed entry of a money judgment for arrears, and (4) an order of the same court (Mosca, J.), dated March 16, 1987, which denied his objections to the orders of the Hearing Examiner.

Ordered that the orders are reversed, without costs or disbursements, the appellant's petition for downward modification is granted to the extent that effective as of August 27, 1986, the amount that the appellant is required to pay to the Support Collection Unit of the Nassau County Department of Social Services is reduced to $80 per week for the support of his wife and $30 per week for the support of each of his two children, for a total sum of $140 per week, and the matter is remitted to the Family Court, Nassau County, for redetermination of arrears in accordance herewith and for the entry of an appropriate money judgment.

The record does not support the Hearing Examiner's finding that the appellant's earning ability as a "submersible pilot" and "swimmer diver" had not declined. The appellant established that the periodic contracts pursuant to which that work was performed had become less plentiful because of a decline in exploratory oil drilling. Moreover, he actively sought work

in the marine diving field for a number of months before accepting temporary employment performing unrelated, less lucrative work. There is no basis in this record for an inference that the appellant's undisputed reduction in income was self-imposed for the purpose of avoiding his support obligations *(cf., Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941).

Considering the current, albeit reduced potential for work in the appellant's chosen field, we find that his support obligation should have been reduced to a total weekly sum of $140, effective upon the August 27, 1986, filing of the petition for downward modification. While there is no basis for reduction of arrears accruing prior to that date *(see,* Family Ct Act §§ 451, 460), the record is inadequate for determination of the appropriate amount of total arrears. Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.